**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darin Jones,<br><br>        Plaintiff,<br><br>vs.<br><br>Abhay Sanan,<br><br>        Defendant. | No. CV 10-461-TUC-CKJ<br><br>**ORDER** |

Plaintiff Darin Jones, who is confined in the Anchorage Correctional Complex in Anchorage, Alaska, filed this *pro se* action against Abhay Sanan, M.D. [Doc. 11]. It transferring this matter, the Alaska District Court characterized the action as a diversity malpractice action. Transfer Order [Doc. 10]. Defendant Dr. Sanan moves to require the service of a preliminary expert witness affidavit in compliance with Arizona Revised Statute § 12-2603. [Doc. 32]

**I.  Background**

In his Complaint, Plaintiff asserted a sponge was left in his back during an operation on Plaintiff's back, and a second surgery was performed to retrieve the sponge. Compl. [Doc. 11].

Plaintiff alleged two counts in his Complaint, both against Defendant Abhay Sanan,

M.D. The first count was a malpractice claim, and the second was for "ongoing pain and suffering." The Court dismissed count 2 because it failed to state a claim upon which relief could be granted, and required Defendant Sanan to answer count 1.

**II.     Motion to Compel**

Defendant Sanan seeks an Order requiring Plaintiff to produce a preliminary expert affidavit pursuant to A.R.S. § 12-2603(D).[1] As an initial matter, this Court must determine whether the *Erie*[2] doctrine and subsequent United States Supreme Court precedent bar reliance on Arizona's preliminary expert affidavit statutes.

   A.     *Erie Analysis.*

         1. Overview

In the landmark decision *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the United States Supreme Court overturned the doctrine of *Swift v. Tyson*, 16 Pet. 1, 10 L.Ed. 865 (1942). The *Erie* court held that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Id.* at 78, 58 S.Ct. at 822.

In *Hanna v. Plummer*, the Court addressed the *Erie* doctrine in consideration of whether "service of process [is] to be made in the manner prescribed by state law of that

---

[1]Section 12-2603(D), Arizona Revised Statutes states:
If the claimant or the party designating the nonparty at fault or its attorney certifies that expert testimony is not required for the claim or designation and the claimant, the health care professional or designated nonparty at fault disputes that certification in good faith, the claimant, the health care professional or the designated nonparty at fault may apply by motion to the court for an order requiring the claimant or the party designating the nonparty at fault to obtain and serve a preliminary expert opinion affidavit under this section. In the motion, the claimant, the health care professional or the designated party at fault shall identify the following:
   1. The claim for which it believes expert testimony is needed.
   2. The prima facie elements of the claim.
   3. The legal or factual basis for its contention that expert opinion testimony is required to establish the standard of care or liability for the claim.

[2]*Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

1  set forth in Rule 4(d)(1) of the Federal Rules of Civil Procedure" where federal
2  jurisdiction of a civil case is based on diversity of citizenship. *Hanna v. Plumer*, 380 U.S.
3  460, 461, 85 S.Ct. 1136, 1138, 14 L.Ed.2d 8 (1965). The *Hanna* court reiterated that
4  where there is no Federal Rule on point, *Erie* dictates the enforcement of state law. *Id.* at
5  470, 85 S.Ct. at 1143. *Hanna* focused on the "twin aims of the Erie rule: discouragement
6  of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468,
7  85 S.Ct. at 1142. Thus, even though application of the Federal Rule would result in a
8  different outcome than its state law counterpart, when there is a Federal Rule on point, it
9  must control. *Id.* at 473-74, 85 S.Ct. at 1145. *Erie* and its progeny specifically addressed
10 the application of state law where federal jurisdiction was based upon diversity of
11 citizenship.

### 2. Relationship Between State and Federal Rules

13 "The first question must [] be whether the scope of the Federal Rule in fact is
14 sufficiently broad to control the issue before the Court." *Walker v. Armco Steel Corp.*,
15 446 U.S. 740, 749-50, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 639 (1980).

**a. A.R.S. § 12-2603.**

17 The Arizona legislature declared the purpose of A.R.S. § 12-2603 "is to curtail the
18 filing of frivolous lawsuits against health care professionals and the filing of frivolous
19 nonparty at fault designations by health care professionals." Laws 2004, Ch. 4 § 2. As
20 such, the legislature evinced support of a policy to curtail rising medical costs related to
21 malpractice insurance and litigation.[3]

22 Section 12-2603 requires that a party asserting a claim against a health care
23 professional "shall certify in a written statement that is filed and served with the claim or

---

[3]"From 1976 to 1989, Arizona medical malpractice claimants were obliged to submit their claims to medical liability review panels before advancing beyond the complaint in the superior court." *Hunter Contracting Co., Inc. v. Superior Court*, 190 Ariz. 318, 323, 947 P.2d 892, 897 (Ct. App. 1997) (citing A.R.S. § 12-567 (Supp. 1976-77) (repealed by Laws 1989, ch. 289, § 1). Prior versions of the current statute mandated submission of a preliminary expert witness affidavit early in the litigation. Consistently, the legislative intent has been to screen for non-meritorious claims early in the litigation in an effort to reduce increasing medical costs.

- 3 -

the designation of nonparty at fault whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(A). In cases where a party certifies an expert is needed, the preliminary expert opinion affidavit shall contain the following:

> 1. The expert's qualifications to express an opinion on the health care professional's standard of care or liability for the claim.
>
> 2. The factual basis for each claim against a health care professional.
>
> 3. The health care professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability.
>
> 4. The manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant.

A.R.S. § 12-2603(B). If the claimant certifies that expert witness testimony is not required, the health care professional may move for a court order requiring service of a preliminary expert opinion affidavit. A.R.S. § 12-2603(D). Section 12-2603(D) further provides that:

> [i]n the motion, the claimant, the health care professional or the designated nonparty at fault shall identify the following:
>
> 1. The claim for which it believes expert testimony is needed.
>
> 2. The prima facie elements of the claim.
>
> 3. The legal or factual basis for its contention that expert opinion testimony is required to establish the standard of care or liability for the claim.

A.R.S.§ 12-2603(D). An "expert" is defined as "a person who is qualified by knowledge, skill, experience, training or education to express an opinion regarding a licensed health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(H)(2).

"After considering the motion and any response, the court shall determine whether the claimant . . . shall comply with this section." A.R.S. § 12-2603(E). Moreover, "The court on its own motion or the motion of the health care professional . . ., shall dismiss the claim against the health care professional . . . without prejudice if the claimant . . . fails to file and serve a preliminary expert opinion affidavit after . . . the court has ordered the

- 4 -

claimant . . . to file and serve an affidavit." A.R.S. § 12-2603(F).

### b. Federal Rules of Civil Procedure 11 and 26.

Rule 11, Federal Rules of Civil Procedure, provides:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). This rule further allows for the court, either on its own initiative or on motion for sanctions by a party, to impose sanctions sufficient to deter repetition of the conduct. Fed. R. Civ. P. 11(c). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (citations omitted).

Rule 26, Federal Rules of Civil Procedure, governs discovery in civil litigation. The primary purpose for the discovery rules is to promote full disclosure of all facts to aid in fair, prompt and inexpensive disposition of lawsuits. *Woldum v. Roverud Const. Inc.*, 43 F.R.D. 420 (D. Iowa 1968). Expert testimony must be disclosed pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure. Parties must only disclose the "identity of any [expert] witness *it may use at trial* to present evidence." Fed. R. Civ. P. 26(a)(2)(A). The time for such disclosure shall occur "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Absent a court order or stipulation, the disclosure

1  must occur "(i) at least 90 days before the date set for trial or for the case to be ready for
2  trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same
3  subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the
4  other party's disclosure." *Id.*

### c. Analysis.

Although the Federal Rules of Civil Procedure provide a mechanism for the disclosure of testifying expert witnesses and sanctions for frivolous claims,[4] the Arizona rule mandates for early disclosure of a preliminary expert, who need not testify at trial, evidencing support plaintiff's medical malpractice claims. The Arizona state legislature has evinced a clear policy to curtail "frivolous medical malpractice lawsuits by imposing a stricter standard of pleading and setting deadlines for the early involvement of plaintiff's expert witness." *Gorney v. Meaney*, 214 Ariz. 226, 229, 150 P.3d 799, 802 (Ct. App. 2007). Moreover, "a statute that would completely bar recovery in a suit if brought in a State court bears on a State created right vitally and not merely formally or negligibly." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).

Here, if Plaintiff had brought his claim in state court and was unable to provide a preliminary expert affidavit pursuant to A.R.S. § 12-2603, his claims against Dr. Sanan would be dismissed. If this Court does not apply A.R.S. § 12-2603, Defendant Sanan would automatically have to participate in the discovery process. This result, based solely on Plaintiff's choice of forum, is inequitable. Allowing such a procedure "would promote the choice of United States rather than of state courts in order to gain the advantage of different laws." *York*, 326 U.S. at 111, 65 S.Ct. at 1471. The states have a "systemic interest[] in . . . being able to develop coherent policies governing medical

---

[4] The Federal Rules of Civil Procedure also provide a mechanism for sanctions due to discovery violations. *See* Fed. R. Civ. P. 37. The Court does not consider the applicability of this Rule in the instant case, because A.R.S. § 12-2603 mandates early disclosure of a preliminary expert affidavit. Thus, although discovery sanctions are potentially available to litigants, they do not arise until much later in the course of litigation.

malpractice liability." *Bledsoe v. Crowley*, 849 F.2d 639, 646 (D.C. Cir. 1988) (J. Williams, concurring). Accordingly, "a state that seeks to reduce medical costs by reducing the burden of malpractice liability must be able to assure providers that the state's rule will actually apply to all (or virtually all) cases." *Id.* Therefore, because the Federal Rules are not sufficiently broad to cover the issue before this Court, and in furtherance of the twin aims of *Erie*, A.R.S. § 12-2603 is applicable to this cause of action.

### B. Preliminary Expert Affidavit

Plaintiff has not responded to Defendant's motion. This failure alone may be considered acquiescence to the merits of the motion. LRCiv. 7.2(i). It is well-established law in Arizona that "[t]he general rule in a medical malpractice case is that it is incumbent on the plaintiff to establish negligence on the part of a physician or surgeon by expert medical testimony." *Tessitore v. McGilvra*, 105 Ariz. 91, 93, 459 P.2d 716, 718 (1969). "Whether a physician breaches a duty by falling below the accepted standard of care is ordinarily shown by expert medical testimony." *Barrett v. Harris*, 207 Ariz. 374, 380, 86 P.3d 954, 960 (Ct. App. 2004) (citations omitted). Moreover, Plaintiff "must prove the causal connection between an act or omission and the ultimate injury through expert medical testimony." *Id.* at 378, 86 P.3d at 958. Arizona law additionally requires that an expert testifying regarding the standard of care must specialize in the same specialty as the Defendant. A.R.S.§ 12-2604(A)(1)[5]; *See Seisinger v. Siebel*, 220 Ariz.

---

[5]Section 12-2604(A) provides in its entirety:
In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:

1. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty as the party against whom or on whose behalf the testimony is offered. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.

- 7 -

85, 203 P.3d 483 (Ariz. 2009).

Whether Defendant Sanan breached the applicable standard of care in his treatment of Plaintiff requires expert witness testimony. As such, Plaintiff must file and serve a preliminary expert affidavit pursuant to A.R.S. § 12-2603 on or before **April 15, 2012**.[6]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Require Plaintiff to Comply with the Requirement of Serving a Preliminary Qualified Expert Affidavit Pursuant to A.R.S. § 12-2603, That also

---

2. During the year immediately preceding the occurrence giving rise to the lawsuit, devoted a majority of the person's professional time to either or both of the following:

(a) The active clinical practice of the same health profession as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.

(b) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

3. If the defendant is a general practitioner, the witness has devoted a majority of the witness's professional time in the year preceding the occurrence giving rise to the lawsuit to either or both of the following:

(a) Active clinical practice as a general practitioner.

(b) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant.

A.R.S. § 12-2604(A).

[6]Pursuant to A.R.S. § 12-2603 "[t]he preliminary expert opinion affidavit shall contain at least the following information:
1. The expert's qualifications to express an opinion on the health care professional's standard of care or liability for the claim.
2. The factual basis for each claim against a health care professional.
3. The health care professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability.
4. The manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant.

- 8 -

1  Complies with A.R.S. § 12-2604, or be Subject to Dismissal of Plaintiff's Complaint
2  [Doc. 32] is GRANTED;
3     2.    Plaintiff shall file and serve his preliminary expert affidavit pursuant to
4  A.R.S. § 12-2603 on or before **April 15, 2012**; and
5     3.    Should Plaintiff fail to timely file and serve his preliminary expert affidavit
6  this case may be dismissed without further notice to Plaintiff.
7     DATED this 6th day of March, 2012.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge